# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| NANCY DUNHAM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LAWYERS TITLE INSURANCE CORPORATION,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:11-cv-96-DB-PMW<br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Nancy Dunham's ("Dunham") motion to compel Defendant Lawyers Title Insurance Corporation ("LTIC") to produce documents and information responsive to Dunham's discovery requests relating to LTIC's communications with Citibank concerning Dunham's purchase of a California property ("the transaction").[2] Also before the court is LTIC's motion for a protective order regarding the rule 30(b)(6) deposition of LTIC.[3] *See* Fed. R. Civ.P. 30(b)(6).

---

[1] *See* docket no. 36.

[2] *See* docket no. 28.

[3] *See* docket no. 27.

# I. BACKGROUND

In 2006, Dunham purchased a residential property ("the Property") from Doug and Joyce Matthews (collectively, "the Matthews") for $459,000.[4] In a written agreement, the parties agreed that the Matthews would pay mortgage payments to Dunham, who would in turn pay the note holder.[5] Dunham contracted with Precision Title Insurance Agency of Utah, Inc. ("Precision"), a title and escrow company in Utah county, to close the transaction.[6] There is some dispute between the parties as to whether it was Lawyers Title Company ("Lawyers Title") or LTIC with which Precision dealt, and as to which entity would have issued a title insurance policy in the transaction. Precision ordered a preliminary report from either LTIC or Lawyers Title, but after the title insurance company submitted the report to Precision, the Matthews placed additional liens on the property.[7] As a result, the title was not recorded, nor was an insurance policy issued.[8] When the Matthews stopped making payments to Dunham, and Dunham in turn stopped making payments to Citibank (the successor lender), Citibank proceeded to foreclose on the property.[9] However, Citibank discovered that there was no recorded interest in the property, and contacted LTIC. LTIC informed Citibank, in a January 9, 2009 letter, that no title insurance policy had ever

---

[4] *See* docket no. 30 at 2.

[5] *See id.*

[6] *See id.*

[7] *See* docket no. 30 at 2-3.

[8] *See id.*

[9] *See* docket no. 30 at 3.

been issued in the transaction, but that LTIC would issue a policy to Citibank and assist in the foreclosure.[10] When Citibank brought suit against the Matthews and Dunham in California, Dunham requested that LTIC defend her because she believed she was insured by LTIC.[11] LTIC refused because it maintains that it never actually issued Dunham a policy.[12] Dunham then brought suit against LTIC in Utah for breach of contract and negligence for Precision's handling of escrow funds (under the theory that Precision was LTIC's agent), and for bad faith denial of insurance defense.[13] In its Answer to Dunham's Complaint, LTIC asserted that it did not represent Citibank in the California litigation.[14] Later, LTIC discovered the January 9, 2009 letter affirming that it did in fact issue a policy to, and obtain an attorney for, Citibank in the California litigation.[15]

The motions now before the court arise out of discovery disputes between the parties in Dunham's suit against LTIC. Dunham served her first set of discovery requests on March 5, 2013.[16] The interrogatories and document requests at issue in this motion are as follows:

---

[10] *See* docket no. 30, Exhibit 4.

[11] *See* docket no. 30 at 3.

[12] *See id.*

[13] *See id.*

[14] *See* docket no. 28 at 4, ¶ 4.

[15] *See* docket no. 30 at 7.

[16] *See* docket no. 28 at 4, ¶ 5.

> Interrogatory No. 7: Identify all communications between [LTIC] and Citibank, including its attorneys, relating to the Property, Dunham, or the transaction underlying Dunham's purchase of the Property.
>
> Interrogatory No. 8: Identify all amounts paid by [LTIC] to defend Citibank for claims, allegations or defenses relating to the Property, Dunham, or liens or claims relating to the Property.
>
> . . . .
>
> Request No. 8: All communications between [LTIC] and any third person or entity relating to the Property, Dunham, or the transaction underlying Dunham's purchase of the Property.
>
> . . . .
>
> Request No. 13: All communications with Citibank, including its attorneys, relating to Dunham, the Property, or the transaction underlying Dunham's purchase of the Property.
>
> Request No. 14: All documents relating to any amounts paid by [LTIC] to or on behalf of Citibank relating to Dunham, the Property, or the transaction underlying Dunham's purchase of the Property.[17]

LTIC objected to Interrogatories Nos. 7 and 8 on the grounds that they are not relevant to any claim or defense in this case, and the burden and expense outweighs any likely benefit.[18] In response to Document Requests Nos. 8, 13, and 14, LTIC maintained that the requested information was protected by attorney-client privilege, and as work product and trial preparation materials, in addition to objections that the information requested is irrelevant, the requests are

---

[17] *Id*. at 4, ¶ 6; Exhibit 1 at 7-8, 10-11.

[18] *See* docket no. 28, Exhibit 2 at 5-6.

overbroad and would result in undue burden and expense.[19] However, LTIC did not provide a privilege log for the documents and information for which it claims privilege.

## II. ANALYSIS

Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

### A. Dunham's Motion to Compel

Because Interrogatory No. 7 and Document Request No. 13 seek the production of the same underlying information relating to communications between LTIC, Citibank, and Citibank's attorneys ("Citibank communications"), the court will treat them as the same request for the purposes of analysis and decision. Likewise, Interrogatory No. 8 and Document Request No. 14 seek the production of the same underlying information relating to the sum of money paid by LTIC to defend Citibank ("defense monies") and will be treated as the same request. Document Request No. 8 will be addressed separately.

#### 1. Citibank Communications

Dunham argues that LTIC waived any privilege to the information requested in Interrogatory No. 7 because no privilege or work product objections were specifically raised in LTIC's responses to that interrogatory and, therefore, LTIC should be compelled to produce everything Dunham has requested. LTIC did claim attorney-client privilege and raised attorney

---

[19] *See* docket no. 28, Exhibit 2 at 16-17, 19.

5

work product objections in its response to Document Request No. 13. Federal Rule of Civil Procedure 33(b)(4) provides that, "[t]he grounds for objecting to an interrogatory must be stated with specificity. Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). Because the underlying communications, documents, and information requested in Document Request No. 13 are substantively the same as what is requested in Interrogatory No. 7, it would be impossible to assign privilege to the requested information in the document request without assigning it to the interrogatory. Therefore, the court finds good cause for excusing the failure, and will proceed on the premise that LTIC raises the same privilege and work-product objections for all of the Citibank communications.

Dunham also argues that LTIC should not be allowed to claim attorney-client privilege because LTIC originally denied that it represented Citibank and, therefore, LTIC is attempting to change its theory of the case to obtain an advantage. The court disagrees. LTIC answered the original complaint with the information it had at the time, and produced documentation of LTIC's representation of Citibank as soon as it was discovered. The fact that this information was discovered after LTIC filed its answer does not waive LTIC's right to claim privilege for communications between LTIC and the attorney it obtained for Citibank, or the communications between Citbank and its lawyer. However, it appears that communications between LTIC and Citibank would not protected under the attorney client-privilege.

Although LTIC has not waived the right to claim privilege for the Citibank communications, there is insufficient evidence to support a claim of privilege. In relevant part, rule 26 of the Federal Rules of Civil Procedure requires that

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must . . . describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A)(ii). Because LTIC has not provided a privilege log identifying each document and describing the nature of the information it is withholding as privileged, it has not complied with the requirements of rule 26(b)(5)(A)(ii).

Dunham's request that LTIC be compelled to produce the Citibank communications is granted in part and denied in part. Within thirty (30) days of the date of this order, LTIC is ordered to produce a privilege log in which every document or communication for which it claims privilege is identified and described. Furthermore, by the same deadline, LTIC is ordered to produce any non-privileged communications between LTIC and Citibank.

## 2. Defense Monies

With respect to her requests for the production of information concerning defense monies, Dunham argues that because LTIC did not raise attorney-client privilege objections specifically in response to Interrogatory No. 8, the claim of privilege is waived. For the same reasons outlined above regarding the Citibank communications, the court will proceed on the premise that LTIC's claims of privilege in response to Document Request No. 14 also apply to

Interrogatory No. 8. However, money paid to an attorney is not protected by attorney client-privilege and, therefore, LTIC cannot withhold this information on that basis. "In order to be covered by the attorney-client privilege, a communication between a lawyer and a client must relate to legal advice or strategy sought by the client." *United States v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998). And, "[m]atters relating to receipt of fees from a client are not usually privileged," because "the payment of a fee is not normally a matter of confidence or a communication. Absent confidentiality, the privilege does not apply." *United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974).

Nevertheless, LTIC also objected to the request for information concerning defense monies on the grounds that this information is irrelevant to Dunham's claims and defenses because the money paid by LTIC to defend Citibank has nothing to do with the calculation of Dunham's damages. The court agrees. The scope of discoverable information is very broad. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Dunham has not even met this very low bar for discoverability. The amount of money paid by LTIC to defend Citibank in the California litigation is irrelevant to Dunham's claims or defenses, and her request that the court order LTIC to produce this information is therefore denied.

### 3.  Document Request No. 8

In its response to Document Request No. 8, LTIC described the communications it believes may have occurred that are responsive to this request and promised to produce any

additional communications it discovers.[20] LTIC also claims attorney-client privilege and work-product objections for Document Request No. 8. Similar to the document requests and interrogatories for the Citibank communications, LTIC has not produced sufficient evidence to support a claim of privilege.

Dunham's request that LTIC be ordered to produce the information requested in Document Request No. 8 is granted in part and denied in part. Within thirty (30) days of the date of this order, LTIC is ordered to produce the names of any additional third parties with whom it had any communications relating to the Property, Dunham, or the transaction underlying the purchase of the Property. Dunham may then make specific discovery requests relating to any relevant third parties. If LTIC then discovers communications for which it wishes to claim attorney-client or work-product privilege, LTIC is ordered to produce a privilege log that identifies and describes the communication in accordance with rule 26.

### B. LTIC's Motion for a Protective Order

The issue before the court in LTIC's motion for a protective order is whether communications between LTIC and Citibank, the successor lender in the transaction, are discoverable or privileged. In view of the fact that the same underlying information is at issue in Dunham's motion to compel, it would be premature for the court to rule on the deposition issue at this time. The issue of what information is discoverable in the deposition may be eliminated by

---

[20] *See* docket 28, Exhibit 2 at 16-17.

the resolution of Dunham's motion to compel. If not, LTIC is free to renew its motion. Therefore, LTIC's motion for a protective order is denied without prejudice.

### III.  CONCLUSION

In summary, **IT IS HEREBY ORDERED** that Dunham's motion to compel[21] is **GRANTED IN PART AND DENIED IN PART**, as follows:

1. LTIC has not waived its right to claim privilege, and Dunham's request that LTIC be ordered to provide all of the Citibank communications is **GRANTED IN PART AND DENIED IN PART**, as follows:

    a. Within thirty (30) days of the date of this order, LTIC shall produce a privilege log for all documents and communications for which it claims privilege; and

    b. Within thirty (30) days of the date of this order, LTIC shall produce any non-privileged communications between LTIC and Citibank.

2. Dunham's request that LTIC be ordered to produce the amount of money paid to defend Citibank is **DENIED.**

3. Dunham's request that LTIC be ordered to produce all communications with any third person or entity is **GRANTED IN PART AND DENIED IN PART**. Within thirty (30) days of the date of this order, LTIC shall produce the names of any third person or entity with whom it has had communications relating to the

---

[21] *See* docket no. 28.

Property, Dunham, or the transaction underlying the purchase of the Property. Dunham may then make specific discovery requests relating to any relevant third parties. If LTIC then discovers communications for which it wishes to claim attorney-client or work-product privilege, LTIC is ordered to produce a privilege log that identifies and describes the communication in accordance with rule 26.

**IT IS FURTHER ORDERED** that LTIC's motion for a protective order[22] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

DATED this 21st day of August, 2013.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[22] *See* docket no. 27.